Order affirmed, with ten dollars costs besides disbursements.

---

CHARLES P. KNIGHT, RESPONDENT, *v.* MICHAEL J. MOLONEY, APPELLANT, AND OTHERS.

*Mortgage foreclosure — irregularity — when sale will not be set aside for — Purchaser refusing to complete purchase — charged with expenses of resale.*

A court of equity will not order a resale of premises under a mortgage foreclosure for an irregularity in form, when it is apparent that the purchaser cannot be injured by it.

On a mortgage foreclosure, in which both the purchaser at the sale had thereunder and his wife were parties, the wife, being an infant, appeared by attorney. The purchaser, having paid ten per cent at the time of sale, refused to complete the purchase, on the ground that the interests of his wife in the premises were not foreclosed. *Held*, that, as the effect of the conveyance to him would be to give the wife the same interests which would have been foreclosed had she properly

* Sec. 4.    † Dudley v. Mayhew, 3 Coms., 9 ; Renwick v. Morris, 3 Hill, 621.

appeared in the action, he was not injured by the irregularity complained of, and was bound to complete the purchase.

A resale having been ordered on his refusing to pay the residue of the purchase-money, *held* that he should be charged with the expenses thereof, but not with the expense of proceedings taken to cure the irregularity in the foreclosure as to his wife's interests in the premises.

APPEAL from an order of Justice DONOHUE, directing a purchaser to complete his purchase of real estate, sold under foreclosure of a mortgage..

*J. H. Hull,* for the appellant.

*A. D. Ditmars,* for the respondent.

BRADY, J. :

Michael J. Moloney, the purchaser, was a party defendant to this action, entitled to a moiety of the equity after payment of the mortgage. His wife, Malvinia, was also a party, but was an infant under the age of twenty-one years. They both appeared by an attorney, who was not aware of the infancy of Malvinia. The plaintiff's attorney was also ignorant of that fact, and it was not revealed until after the sale, when the defendant Michael, having become the purchaser, refused to complete in consequence thereof, and of the failure to have a guardian *ad litem* appointed for his wife. The father of Michael was also unaware of such infancy until after the sale, when he was informed of it by the plaintiff's attorney, who had been advised thereto by the attorney for Michael. Mr. Justice DONOHUE refused to release Michael from the purchase, upon the ground that a deed to him would restore the dower right of his wife, and that he could not, nor could she, be in any way affected by the alleged irregularity. He suggested that if Michael were a stranger, that is to say, not a defendant, there might be something in the point taken. He ordered the referee, therefore, to pay out of the ten per cent in his hands, his fees and the expenses of the sale; also the costs of the plaintiff's attorney, as directed by the decree of foreclosure; and that he retain the residue of the ten per cent until a resale of the premises, as security for any deficiency that might arise on the sale, but at the same time ordered that the judgment be vacated and set aside, and that the action be prosecuted

against Malvinia as an infant, in case the purchaser, Michael, failed to complete.

It appears from the plaintiff's points, that a subsequent sale took place, and that the premises were conveyed to Patrick G. Moloney, and the plaintiff's debt paid.

The defendant Michael having refused to perfect his purchase, and the premises having been resold, the question really presented by this appeal relates to that part of the order in regard to the ten per cent. The alternative portion of the order is a concession that the proceedings were irregular, and, except as to the defendant Michael, could not be upheld. A court of equity would not order a resale for an irregularity in form, when it is apparent that the purchaser could not be prejudiced by it. The purchase by Michael, consummated by a deed to him, would immediately restore the dower right of his wife, not only to the extent of her interest in his prior share of the property, but to the whole of the property of which, by the purchase, he became the sole owner. In fact, therefore, she was benefited by the purchase, and the irregularity became, in all respects, on this theory, wholly unimportant. This view was entertained at the Special Term. The defendant Michael must be presumed to know of his wife's age, and it was his duty to disclose it to his attorney at least, when he engaged or employed him to appear for himself and wife. He did not do so, and his refusal to complete, when, as suggested, the deed to him would reinstate his wife in all her rights in relation to the property, does not seem to have been in good faith. The resale was, under the circumstances, unnecessary, unless the defendant Michael desired, for other reasons, to be relieved from the purchase he made; and he was afforded the opportunity to retire on the payment of the sums directed, and on the conditions named. As the sale was unnecessary, it was proper that he should pay some part of the expenses to be incurred by it, and the question is whether too much was required of him by the order. We think he should not be compelled to pay the costs of subsequent proceedings to make them regular, or, in other words, to correct the error in omitting to name a guardian *ad litem*, but only the expenses of the resale after the proceedings were perfected, and which should be deducted out of the ten per cent, or his share of the proceeds of the second sale.

We think, also, that no allowance of interest should be made to him on the ten per cent, and that no costs to either party should be allowed on this appeal. This result is predicated of the admitted irregularity of the plaintiff's proceedings, and the seeming want of good faith on the part of the defendant Michael, in reference to the completion of his purchase, and of the equity of such a conclusion.

It is therefore adjudged that the order at Special Term be modified in accordance herewith, and that Michael J. Moloney be released from his bid.

DAVIS, P. J., and DANIELS, J., concurred.

Ordered accordingly.